IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| ADAM ELLIOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15-cv-1126 |
| | ) |
| SUPERIOR POOL | ) |
| PRODUCTS, LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Pro Se Plaintiff Adam Elliott's Motions for Issuance of a Subpoena (d/e 20 and 21) ("Motion 20" and "Motion 21" respectively and collectively the "Motions"). For the reasons set forth below, the Motions are DENIED at this time.

## BACKGROUND

Plaintiff Adam Elliott alleges that he works for Defendant Superior Pool Products, LLC (Superior Pool). Elliott alleges that on May 19, 2014, Superior Pool retaliated against him because of his relationship with Michael Cady. Michael Cady is a former employee of Superior Pool who has alleged that Superior Pool discriminated and retaliated against him in violation of the Americans with Disability Act (ADA). 42 U.S.C. § 12101 et

seq. Cady's case is pending before this Court. Cady v. Superior Pool Products, Case No. 13-1533 (Cady Proceeding). Elliott alleges that Superior Pool retaliated against him in violation of the ADA because of his relationship with Cady in several ways, including denying Elliott a promotion. Elliott also alleges state law claims against Superior Pool for violations of the Illinois Whistleblower Act, the Illinois Wage Payment and Collection Act, the Illinois Personal Record Review Act, and the Illinois Slander and Libel Act. See generally Amended Complaint (d/e 15).

Elliott filed the Motions to request subpoenas addressed to Cady and a company known as NEXTCHEX pursuant to Local Rule 45.1. Elliott states that NEXTCHEX provides Superior Pool's time records software. The Defendant admits that it provided Elliott with a copy of his NEXTCHEX time and compensation records as part of its initial disclosures. Response to Plaintiff's Motions for Subpoenas (D/E 20 & 21) (d/e 25) (Response), at 3. Elliott asks to subpoena his records from NEXTCHEX "to determine the validity of the currently obtainable records" from Superior Pool. Motion 20, at 2.

Elliott states that Cady has documents "that refer to and/or mention the Plaintiff in regards to the Plaintiff's employment with the Defendant." Motion 21, at 1. Elliott asks for a subpoena to Cady for "documents that

involve or mention Adam Elliott and/or the relationship between Michael M. Cady and Adam Elliott that may be in possession of Michael M. Cady.  The Plaintiff believes that if the documents being requested exist and are given to the Plaintiff, that these documents will help in proving the validity of at least one of Plaintiff's claims against the Defendant." Motion 21, at 2.

This Court ordered Superior Pool in the Cady Proceeding to produce the following personnel records (Personnel Records):

> Superior is directed to produce personnel records for employees who were employed at the Morton facility during any portion of the time period from April 1, 2012, through March 31, 2013. The records of other employees may lead to relevant evidence of disparate treatment due to disability. The disciplinary records that Superior had already produced are not sufficient because evidence of disparate treatment may or may not appear as a disciplinary record. The Court limits the time frame to one year to reduce the burden on Superior's other employees from the request while still providing Cady with a sufficient amount of information from which to discover admissible evidence.

Cady Proceeding, Opinion entered March 17 (Cady Proceeding d/e 66), at 5.  The Court subjected those records to a protective order (Protective Order) to protect the privacy rights of other Superior Pool employees:

> Superior's concerns about employee privacy are clearly legitimate.  The parties and their attorneys are, therefore, directed to keep Superior personnel records confidential and not to disclose any information in any of the personnel records to anyone other than the parties and their attorneys except as is necessary to litigate this case. Counsel for Cady is directed to return the personnel record documents, and all copies, to

counsel for Superior within sixty days after the date that the order or judgment disposing of this case becomes final and non-appealable.

Id.

Superior Pools objects to any subpoena that would direct Cady to deliver any of the Personnel Records subject to the quoted Protective Order to Elliott. Superior Pools also objects to the subpoena to NEXTCHEX as unduly burdensome because Elliott already has the relevant records.

## ANALYSIS

In considering whether to allow a party to subpoena particular documents the Court considers whether the subpoena would impose an undue burden. See Fed. R. Civ. P. 45(d)(3)(A)(iv). To determine whether a subpoena imposes an undue burden, the Court should "weigh the burden to the subpoenaed party against the value of the information to the serving party." Amini Innovation Corp., v. McFerran Home Furnishings, Inc., 300 F.R.D. 406, 409 (C.D. Ca. 2014); see Northwestern Memorial Hosp. v. Ashcroft, 362 F.3d 923, 927 (7th Cir. 2004). The burden imposed on non-parties is entitled to "special weight" in performing this calculus. Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998); Mosely v. City of Chicago, 252 F.R.D. 421, 434 (N.D. Ill. 2008). The Court may also

consider the burden of the subpoena on privacy interests of affected.  See Malibu Media, LLC v. John Does 1-14, 287 F.R.D. 513, 516 (N.D. Ind. 2012).

The requested subpoena to NEXTCHEX would impose an undue burden on NEXTCHEX.  Superior Pool provided the relevant records to Elliott.  Elliott does not dispute this.  Therefore, Elliott has the relevant information.  Ordering NEXTCHEX to produce duplicate records is unnecessary and would impose an undue burden on NEXTCHEX.  See Bada Co. v. Montgomery Ward & Co., 32 F.R.D. 208, 209–10 (S.D.Cal.1963) (non-parties "should not be burdened with the annoyance and expense of producing the documents sought unless the plaintiff is unable to discover them from the defendant"); Countryman v. Community Link Federal Credit Union, 2012 WL 1143572, at *5 (N.D. Ind. April 3, 2012) ("A party's ability to obtain documents from a source with which it is litigating is a good reason to forbid it from burdening a non-party with production of those same documents.").

Elliott states that he seeks the records from NEXTCHEX to verify the records he has available to him.  Elliott needs to present some basis to believe that the available records are unreliable.  The Court is not going to order NEXTCHEX to spend the time and effort to produce duplicate records

based only on Elliott's speculation that someone might have tampered with Superior Pool's records. Motion 20 is denied.

The Court is also concerned that the requested subpoena I Motion 21 would impose an undue burden on the other employees at Superior Pool. Cady has copies of the Personnel Records of other Superior Pool employees that were produced in discovery in the Cady Proceeding. Those Personnel Records are subject to this Court's Protective Order in the Cady Proceeding to protect the privacy of those employees. Elliott's request for documents in the proposed subpoena in Motion 21is broad and could easily require Cady to produce some of the Personnel Records subject to the Protective Order. The Court will not allow this. Motion 21 is denied as written.

In addition, if Elliott is seeking copies of documents that Cady received from Superior Pool in discovery in the Cady Proceeding, Elliott should seek copies of such documents from Superior Pool directly. Bada Co, 32 F.R.D. at 209–10; Countryman, 2012 WL 1143572, at *5.

Elliott may renew Motion 21 with a more precise description of the documents sought which ensures that Subpoena will not call any documents that Superior Pool produced in discovery in the Cady Proceeding. If Elliott wants copies of documents produced by Superior

Pool in the Cady Proceeding, he should serve Superior Pool with a document request directly.  See Fed. R. Civ. P. 34; Bada Co, 32 F.R.D. at 209–10; Countryman, 2012 WL 1143572, at *5.

THEREFORE, Plaintiff's Motions for Issuance of a Subpoena (d/e 20 and 21) are DENIED.

ENTER:   October 6, 2015

                                          *s/ Tom Schanzle-Haskins*
                                    UNITED STATES MAGISTRATE JUDGE