E-FILED
Monday, 04 January, 2016  04:05:36 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| ADAM ELLIOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-cv-1126 |
| | ) | |
| SUPERIOR POOL | ) | |
| PRODUCTS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

Before the Court are Plaintiff's Motion to Compel Production of Documents from the Defendant Superior Pool Products, LLC (d/e 31) (Plaintiff's Motion to Compel), Defendant's Motion to Compel (d/e 35), Plaintiff's Motion for Deadline Extension of Amended Pleadings (d/e 33), and Plaintiff's Motion for Leave to File Response to Defendant's Response to Plaintiff's Opposition to Defendant's Motion to Compel (d/e 41).

## BACKGROUND

Plaintiff Adam Elliott alleges that he works for Defendant Superior Pool Products, LLC (Defendant).  Plaintiff alleges that on May 19, 2014, Defendant retaliated against him because of his relationship with Michael Cady (Cady).  Cady is a former employee of Defendant who has alleged the Defendant

discriminated and retaliated against him in violation of the Americans with Disability Act (ADA).  42 U.S.C. § 12101 et seq.  Cady's case is pending before this Court.  Cady v. Superior Pool Products, Case No. 13-1533 (Cady Proceeding).  Plaintiff alleges that Defendant retaliated against him in several ways in violation of the ADA because of his relationship with Cady, including denying Plaintiff a promotion.  Plaintiff complains that his supervisor continually questioned him as to whether he was going to be a witness for Cady in Cady's EEOC case and he was subsequently disciplined, harassed, and denied a promotion to the position of Office Operations Manager.

Plaintiff also alleges state law claims against Defendant for violations of the Illinois Whistleblower Act, 740 ILCS 174/30, 2015, the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq., 2015, the Illinois Personnel Record Review Act, 820 ILCS 40/1, et seq., 2015, the Illinois Slander and Libel Act, 740 ILCS 145/2, 2015, and claims a breach of oral contract for promotion to Office Operations Manager.  See generally Amended Complaint (d/e 15).

Plaintiff filed a previous Motion for Deadline Extension of Amended Pleadings (d/e 29).  On October 30, 2015, the Court allowed the extension of the deadline for amending the pleadings over the Defendant' objection.  The deadline for amending the pleadings was extended from November 1, 2015 to December 1, 2015, as Defendant indicated that production of 136 documents

responsive to Plaintiff's Request for Production was delayed and the documents were furnished to Plaintiff after the deadline for Defendant's response to Plaintiff's Request for Production.  (10/30/2015 Text Order)

Plaintiff's Motion to Compel (d/e 31) was filed November 2, 2015. Defendant filed an Opposition to Plaintiff's Motion to Compel (d/e 32).  The Plaintiff then filed a Response to Defendant's Opposition (d/e 34).[1]

Plaintiff then filed another Motion for Deadline Extension of Amended Pleadings (d/e 33).

The Defendant also filed a Motion to Compel (d/e 35).  Plaintiff filed an Opposition to Defendant's Motion to Compel (d/e 36).  Defendant responded to Plaintiff's Opposition (d/e 38).  The Plaintiff then filed a Motion for Leave to File Response to Defendant's Response to Plaintiff's Opposition to Defendant's Motion to Compel (d/e 41).  The motions set forth above are ready for decision by the Court.

<u>ANALYSIS</u>

Federal Rule of Civil Procedure 26(b)(1), which governs the general scope of discovery, allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party.  The 2015 amendments to Rule 26(b)(1) reasserted the concept of "proportionality" in Rule

---

[1] Plaintiff's filing of his Response to Defendant's Opposition violated Local Rule 7.1(B)(3) which provides no reply to a response to a motion is permitted.  The Defendant's Response to Plaintiff's Opposition to Defendant's Motion to Compel (d/e 38) also violated this Local Rule.

26(b)(1) by adding the following language to Rule 26(b)(1) requiring that

discovery be:

> Proportional to the needs of the case, considering the importance of
> the issues at stake in the action, the amount in controversy, the
> parties relative access to relevant information, the parties resources,
> the importance of the discovery in resolving the issues, and whether
> the burden or expense of the proposed discovery outweighs its likely
> benefit.

The comments to the 2015 amendments indicate that the 2015 amendment of

Rule 26(b)(1) adding the above language "restores the proportionality factors to

their original place in defining the scope of discovery.  This change reinforces the

Rule 26(g) obligation of the parties to consider these factors in making discovery

requests, responses, or objections."  Fed. R. Civ. P. 26(b)(1), Advisory

Committee Notes, 2015 Amendment.

A recent commentary on the amendments to the Rules noted the

interrelationship of the concepts of "relevance" and "proportionality".  U.S.

Magistrate Judge Elizabeth D. Laporte noted as follows:

> While new Rule 26(b) literally places "relevance" and "proportionality"
> on the same level, the concepts have been conjoined in the Federal
> Rules since 1983.  Aside from the obvious tautology, the application
> of the concept of proportionality often turns on how "central" (or
> relevant) the proposed discovery may be to overcome any number of
> objections that are associated with the discovery at issue.

The Federal Courts Law Review, Volume 9, Issue 2 (2015)  "A Practical Guide to

Achieving Proportionality Under New Federal Rule of Civil Procedure 26", pg 53.

In this opinion, the word "relevance" is used as it pertains to discovery and not admissibility in evidence.  Hence, when the terms "relevant" or "relevancy" are used in this order and opinion, they refer to the requirement that the request must be reasonably calculated to lead to discovery of admissible evidence.

Rule 26 gives the district courts broad discretion in matters relating to discovery.  See Brown Bey v. United States, 720 F.2d 467, 470 471 (7th Cir.1983); Eggleston v. Chicago Journeymen Plumbers' Local Union 130, 657 F.2d 890, 902 (7th Cir.1981); see also, Indianapolis Colts v. Mayor and City Council of Baltimore, 775 F.2d 177, 183 (7th Cir.1985) (on review, courts of appeal will only reverse a decision of a district court relating to discovery upon a clear showing of an abuse of discretion).

In deciding whether to limit discovery, a trial court may "consider 'the totality of the circumstances, weighing the value of the material sought against the burden of providing it,' and taking into account society's interest in furthering 'the truth seeking function' in the particular case before the court."  Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir.2002) (quoting Rowlin v. Alabama, 200 F.R.D. 459, 461 (M.D.Ala.2001) (interpreting judicial discretion under similarly worded Fed. R. Civ. P. 26(b)(2))).  For example, Rule 26(c)(1) contemplates limiting discovery to avoid "annoyance, embarrassment, oppression or undue burden or expense."  Similarly, Rule 26(b)(2)(c) authorizes

the court to impose limits if: (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).  The Supreme Court has further opined that "discovery, like all matters of procedure, has ultimate and necessary boundaries.... [L]imitations come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege." Hickman v. Taylor, 329 U.S. 495, 507–08, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

Plaintiff's Motion to Compel

When viewed under the legal principles set forth above, the scope of document production sought by the Plaintiff and requested in the Plaintiff's motion to compel discovery is clearly improper.  While pro se litigants are afforded considerable leeway in pursuing litigation on their own behalf, they are not permitted to simply ignore the rules governing the scope of discovery.

The Plaintiff submitted to the Defendant 100 requests for production.

Many of the requests are overly broad on their face.  For example, requests numbered 8, 9, 10, and 11 request "all documents" involving annual and quarterly reviews of Defendant's hourly and salaried employees for the years of 2011 through 2015.  In these requests Plaintiff seeks production of any documents "that involve" the reviews of all employees of Defendant at Branch #458A for a five-year period.  These broad requests have little, if any, relevance to Plaintiff's claims for retaliation under the ADA and Plaintiff's pendent state law

claims under the Illinois Whistleblower Act, Personal Record Review Act, Slander and Libel Act, and for breach of oral contract.  Requests for all documents which "involve" all employee reviews over a five-year period are clearly unwarranted and disproportionate to the claims asserted by the Plaintiff.

Like the 100 requests for production of documents, the Plaintiff's motion and brief in support of his motion far exceed what is relevant and proportional with regard to discovery in this case.  Local Rule 7.1(B)(4)(a) provides that a memorandum in support of a motion must not exceed fifteen pages in length.  The Plaintiff's motion to compel, which includes a memorandum, is 75 pages long.  Again, while pro se litigants are not expected to strictly comply with procedural rules, the Plaintiff's motion and supporting memorandum exceed the page requirement of the Local Rules by 60 pages.  It is evident that the Plaintiff made no attempt to comply with Local Rule 7.1(B)(4)(a).

In the Defendant's Opposition to the Plaintiff's Motion to Compel, Defendant indicates a Rule 37 discovery conference took place.  The Defendant indicates that the Plaintiff stated "some of my discovery requests – I know it's a lot – are not completely relevant to prove facts of my case".  Defendant also indicates that the Plaintiff refused to address specific individual requests stating: "I am not going to go through each and every request for production".

(d/e 32, pg 7)  Plaintiff's refusal to review each of his 100 requests for production leaves that task for the Court.

A.   PLAINTIFF'S MOTION TO COMPEL RESPONSE TO REQUESTS FOR PRODUCTION (RFPS) 1, 4, 5

Plaintiff filed a response to the Defendant's opposition (d/e 34).  Plaintiff did not contest his statements reported in the Defendant's opposition to his motion to compel as stated above.  Indeed, it appears, merely from the form and nature of the requests, that many of the Plaintiff's RFPs are clearly irrelevant to the subject matter of the claims asserted in this litigation.  Plaintiff's RFP 1 seeks all documents concerning financial allowance and/or the availability of funds with regard to the hiring of seasonal workers for the years 2011 through 2015.  RFP 4 requests all documents that concern the availability of funds in regard to "employee appreciation events" and "employee Christmas dinner events" for the years 2011 through 2015.  RFP 5 asks for all documents concerning financial allowance and/or the availability of funds in regard to the purchasing of safety and office supplies and work equipment for the years 2011 through 2015.  These requests have no relevance to the Plaintiff's claims or the Defendant's defenses.  Plaintiff's motion to compel regarding requests for production numbered 1, 4, and 5 are denied.

B.   PLAINTIFF'S MOTION TO COMPEL RESPONSE TO RFPs 45, 46, 56, 99

The same is true of the Plaintiff's requests for production numbered 45, 46, 56, and 99.  These requests seek production of all documents related to distribution of laptop computers, cell phones, racking and shelving, at the Plaintiff's place of employment.  Plaintiff also seeks documents regarding what "seminars" were offered by the Defendant.  Plaintiff's motion to compel production of the documents listed in paragraphs 45, 46, 56, and 99 are denied.

C.   PLAINTIFF'S MOTION TO COMPEL RESPONSE TO RFPs 33, 34, 35, 36, 37, 38

The Plaintiff in this case has a worker's compensation claim against the Defendant.  (See d/e 31-2, pg 31-32)  The worker's compensation claim involves a back injury.  Requests numbered 33, 34, 35, 36, 37, and 38 relate either to Plaintiff's back injury or injury reports for other employees of the Defendant.  These requests have no relevance to the claims asserted by the Plaintiff in this case.

D.   PLAINTIFF'S MOTION TO COMPEL RESPONSE TO RFPs 39, 58, 60, 61, 62, 63, 65, 66, 67, 68, 73, 76, 77, 78, 94 RELATING TO JOB TITLES AND JOB DESCRIPTIONS OF OTHER EMPLOYEES.

Plaintiff's requests numbered 39, 58, 60, 61, 62, 63, 65, 66, 67, 68, 73, 76, 77, 78, and 94 generally request information regarding job titles and job descriptions for positions for employees other than the Plaintiff.  Defendant indicates that job descriptions were produced to Plaintiff regarding all positions

he held.  Defendant objects that the other job descriptions are irrelevant to Plaintiff's present claims.  The Court has reviewed the requested materials.  The Court agrees with the Defendant's objection with the exception of RFPs 58, 60, and 73.

Plaintiff's RFP 58 requests the job description of the branch manager. Plaintiff contends that the branch manager routinely questioned him about Michael Cady and the Plaintiff's involvement in Michael Cady's ADA complaint and case.  Plaintiff also contends that he received a "performance plan" from the branch manager which ordered him to perform duties not relevant to Plaintiff's job description, held him accountable for the actions of co-workers, and contained a threat of termination.  Construing the Plaintiff's request broadly, as must be done in discovery, the information sought could lead to information relevant to Plaintiff's contention that he was retaliated against due to his support of Cady's ADA claim against the Defendant.  The job description for the branch manager may be relevant in determining whether or not the branch manager exceeded his authority in taking the actions against the Plaintiff alleged above. Hence, Defendant is ordered to produce the documents requested in Plaintiff's request numbered 58 with regard to the "job description of the branch manager".

Requests numbered 60 and 78 request job descriptions of the Defendant's regional manager, who is the direct supervisor of the branch manager at the

branch where the Plaintiff is employed, and the supervisor of the regional

manager.  Plaintiff alleges that the regional manager should have been aware of

the adverse action the branch manager took against the Plaintiff (d/e 31, pg 28)

and the description of the regional manager's job duties may indicate the role of

the regional manager in the discipline of the Plaintiff.  Likewise, the Plaintiff

alleges that the supervisor of the regional manager may have knowledge of the

regional manager's activity because of his supervision of the regional manager.

(d/e 31, pg 31-32)  The information sought in requests numbered 60 and 78 may

also be relevant regarding the Defendant's supervisory knowledge of alleged

retaliatory action taken against Plaintiff.

Thus, Defendant is ordered to produce the job descriptions requested in

Plaintiff's requests numbered 58, 60, and 78.

With regard to requests numbered 39, 61, 62, 63, 65, 66, 67, 68, 73, 76,

77, and 94, Plaintiff's motion to compel production is denied.

E.    PLAINTIFF'S MOTION TO COMPEL RESPONSE TO RFPs 2, 3, 12, 13,
      15, 16 CONCERNING "TALEO REPORTS"

Plaintiff's requests numbered 2, 3, 12, 13, 15, and 16 request documents

referred to as "Taleo Reports".  Plaintiff alleges that his employment history for

the year 2011 is documented via computer generated "Taleo Reports" used by

the Defendant to review its employees.  Plaintiff indicates he received his "Taleo

Report" for the year of 2011.  Plaintiff indicates that Defendant asserts it stopped

using the "Taleo" program for review of its employees at the end of 2011, but later produced a 2013 "Taleo" review for the Plaintiff.  (d/e 31, pg 3)  Plaintiff relates that the Defendant indicated Branch Manager Ed Eschbach made an error in conducting the 2013 "Taleo" review of the Plaintiff.  Plaintiff then argues that there must be additional "Taleo" documents which were not produced. (d/e 31, pg 4)  Defendant indicates that all of the "Taleo" reports for the Plaintiff have been produced for the relevant time frame between 2011 and 2014.  As previously noted, the Plaintiff's federal complaint is retaliation for his support of Michael Cady in Cady's ADA claim.

The other "Taleo" reports sought are not relevant or proportional to the needs of this case considering the claims asserted by Plaintiff.

Likewise, the Plaintiff's request concerning all documents involving Defendant's procedures for distributing bonus payments to employees before and after discontinuing use of the "Taleo" program (RFPs 15, 16) and documents documenting the decision to discontinue use of the "Taleo" program and all documents regarding the review of employees after the discontinuance of the "Taleo" program (RFPs 12, 13) are not relevant or proportional to the issues raised by the Plaintiff in the claims asserted in this litigation.  Consequently, Plaintiff's request to compel production of documents detailed in requests numbered 2, 3, 12, 13, 15, and 16 are denied.

F.   PLAINTIFF'S MOTION TO COMPEL RESPONSE TO RFPs 69, 70, 71
     CONCERNING DEFENDANT'S EMPLOYEES
     ACKNOWLEDGEMENT FOR EXCEPTIONAL WORK
     PERFORMANCE, EMPLOYEES WHO RECEIVED REWARDS OR
     ACKNOWLEDGEMENTS FOR EXCEPTIONAL WORK
     PERFORMANCE, AND "EMPLOYEE REFERRAL PROGRAMS".

Plaintiff has requested that the Defendant provide documents showing all

"employee referral programs" (RFP 69); documents regarding rewards and/or

acknowledgements for exceptional work performance which are available to the

Defendant's employees for the years 2011 through 2015 (RFP 70), as well as

documents regarding any rewards or acknowledgements received by employees

of the Defendant (RFP 71).  These requests, viewed in light of the Plaintiff's

claims, are not calculated to lead to relevant information concerning the claims

asserted by the Plaintiff.

G.   PLAINTIFF'S MOTION TO COMPEL RESPONSE TO RFPs 17, 74, 75, 79,
     88 CONCERNING VARIOUS TYPES OF GENERAL MISCELLANEOUS
     INFORMATION.

Requests for all documents relating to the "chain of command" used by the

Defendant (RFP 17), all documents relating to which of the Defendant's

employees are allowed access or modification rights to another of Defendant's

employees' NETCHEX accounts (RFPs 74, 75), all documents that display the

number of employees over a five-year period (RFP 79), and request for

documents concerning definition and description of "FTC Rules" used in various

documents of Defendant (RFP 88) are both overbroad and not relevant to the

issues raised in this proceeding.  With the exception of RFP 79, the RFPs listed above specify no date or other time period.  These RFPs are on their face overbroad.  Even if dates were specified, the requests do not bear any significant relationship to the claims asserted by the Plaintiff.  Consequently, Plaintiff's requests to compel the documents requested in Plaintiff's requests for production numbered 17, 74, 75, 79, and 88 are denied.

H.    PLAINTIFF'S MOTION TO COMPEL RESPONSE TO RFPs 47, 48, 49, 50, 51, 52, 53, 54, 55 CONCERNING PRODUCT INFORMATION, WORK ORDERS, AND SALES.

Plaintiff's requests to compel production of documents regarding product descriptions including name, dimension, height, and weight (RFPs 47, 48) and information regarding work orders and sales (RFPs 49, 50, 51, 52, 53, 54, 55) are similarly not related to the issues involved with Plaintiff's claims.  This product and sales information has no relationship to Plaintiff's retaliation and state law claims.

I.    PLAINTIFF'S MOTION TO COMPEL RESPONSE TO RFPs 6, 14, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 57, 59, 64, 73, 82, 84, 86, 89, 97, 98 CONCERNING DOCUMENTS PRODUCED BY DEFENDANT AND PLAINTIFF'S CLAIMS OF INADEQUATE PRODUCTION

Defendant indicates it has produced over 400 pages of documents in this case.  Defendant asserts that it has produced documents complying with Plaintiff's requests numbered 6, 14, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 32, 57, 59, 64, 73, 82, 84, 86, 89, 97, and 98.  Counsel for Defendant

represents that the Defendant has no other documents to produce regarding these production requests.  Consequently, the requests to compel production with the documents related to the requests set forth above are denied.

Defendant argues that the only other employee reviews records which are relevant to the issues raised by the Plaintiff are those of Mr. Smith, who received the promotion to Operations Manager in violation of the alleged oral contract between the Plaintiff and Defendant.  The Defendant represents that it has also produced Mr. Smith's records to the Plaintiff.  (d/e 32, pg 11)

Hence, defense counsel has represented that all of the relevant documents in its possession pertaining to the Plaintiff and Mr. Smith have been produced to the Plaintiff.  By signing the pleadings in which these representations are contained defense counsel has certified, to the best of their knowledge, the factual contentions concerning the completeness of their document production to the Plaintiff have sufficient evidentiary support.  If defense counsel has not produced the documents as represented, they are subject to sanctions under Rule 11 of the Federal Rules of Civil Procedure.   Consequently, with regard to the Plaintiff's request for production of additional documents concerning the Plaintiff or additional documents concerning Mr. Smith, the Court accepts the representation of defense counsel as to completeness of production.

J.     PLAINTIFF'S MOTION TO COMPEL RESPONSE TO RFPs 3, 6, 7, 8, 9, 10, 11, 16, 31, 40, 41, 42, 43, 44, 72, 73, 80, 81, 83, 85, 87, 90, 91, 92, 93, 95, 96, 99, 100 CONCERNING GENERAL EMPLOYEE INFORMATION OR EMPLOYEE INFORMATION ABOUT OTHER SPECIFIC EMPLOYEES.

Plaintiff seeks to compel the production of documents responsive to Plaintiff's requests numbered 3, 6, 7, 8, 9, 10, 11, 16, 31, 40, 41, 42, 43, 44, 72, 73, 80, 81, 83, 85, 87, 90, 91, 92, 93, 95, 96, 99, and 100.  The Court has reviewed the terms of these RFPs.  Without detailing each request, the requests generally seek either broad swaths of information, (e.g. RFP 90 which requests all "discipline forms" that are provided by the Defendant for use in disciplinary actions against its employees), or specific information about other employees (e.g. RFP 93 requesting all emails between Defendant's employees that mention, concern, or involve the transfer of Brian Devaney, from a branch in Arizona to Branch #458A).  This type of information is, again, not relevant to the issues raised by the Plaintiff in his Complaint.  Consequently, Plaintiff's requests to compel production of documents responsive to RFPs 3, 6, 7, 8, 9, 10, 11, 16, 31, 40, 41, 42, 43, 44, 72, 73, 80, 81, 83, 85, 87, 90, 91, 92, 93, 95, 96, 99, and 100 is denied.  Any marginal relevance that such information could have to the claims made by the Plaintiff is not proportional to the burden of producing such information placed on the Defendant by Plaintiff's RFPs.

To summarize, Plaintiff's motion to compel discovery is granted as to requests numbered 58, 60, and 78 as stated above, but as to all other RFPs in Plaintiff's motion to compel production is denied.

### Defendant's Motion to Compel

Defendant has filed a Motion to Compel (d/e 35) production of documents. The Defendant seeks to compel Plaintiff's production of documents responsive to Defendant's RFPs 2 and 3.  RFP 2 asks for "All text messages exchanged between you and Michael Cady since March of 2012".  RFP 3 requests:  "All emails exchanged between you and Michael Cady since March of 2012."   As previously noted, the Plaintiff's federal claim alleges that Plaintiff was retaliated against for his support of Cady in Cady's ADA litigation against the Defendant.

While the Court agrees that the Plaintiff has no legal basis for objections that the emails are "private and confidential" (d/e 35, pg 8), the Defendant also acknowledges that Plaintiff has indicated the requested emails and text messages are "not relevant" (d/e 35, pg 3).  While the Defendant is correct in noting that the standard for discoverable relevant information is whether a discovery request is reasonably calculated to lead to discovery of admissible evidence, the Plaintiff's relevancy objection must be construed more broadly.  As the Court noted above, new Rule 26(b) literally places "relevance" and

"proportionality" on the same level and the concepts have been conjoined in the federal rules for a long period of time.

Defendant's RFPs 2 and 3, as stated above, are overbroad and burdensome on their face.  The requests would require the production of <u>any</u> emails or text messages between Plaintiff and Cady for a period of over three years regardless of any connection to subjects raised in this litigation.  The Defendant may have been able to formulate a production request which sought only information which would be likely to produce admissible evidence at trial in this case, however, it did not.

The Defendant's Motion to Compel is denied.  Therefore, it is unnecessary for the Court to consider the other extraneous arguments raised in the Defendant's Motion to Compel (d/e 35), Plaintiff's Opposition to Defendant's Motion to Compel (d/e 36), and the Defendant's Response to Plaintiff's Opposition to Defendant's Motion to Compel (d/e 38).

<u>Plaintiff's Motion for Deadline Extension of Amended Pleadings</u>

Plaintiff has filed a motion for extension of the deadline to amend pleadings (d/e 33).  In arguing for an extension for the time to amend his pleadings, Plaintiff cites the delay occasioned by the time needed for the Court to review his Motion to Compel due to the "length of the aforementioned motion to compel" filed by the Plaintiff as a reason for granting his motion.  As previously noted, that motion and

the memorandum supporting it is 75 pages in length in flagrant violation of the
15-page limitation set forth in Local Rule 7.1(B)(4)(a).

The Plaintiff also argues that he has not "attempted any fishing expeditions"
as claimed by Defendant in its response to his motion to compel and motion for
extension of the deadline to amend pleadings.  It appears to the Court that even
a pro se Plaintiff must be able to comprehend that 100 requests for production of
documents which include requests for information regarding the Plaintiff's
worker's compensation claim, requests for images of products distributed by the
Defendant, work orders and sales documents, to list only a few of Plaintiff's
outlandish requests, have no relevance to this lawsuit.  As noted above, the
Plaintiff did not contest the Defendant's assertion that, during the parties' Rule 37
conference, the Plaintiff stated "some of my discovery requests – I know it's a lot
– are not completely relevant to prove facts of my case".   Federal litigation is not
a vehicle for a pro se litigant to seek volumes of information which are unrelated
to the claims asserted by the Plaintiff.  Plaintiff is cautioned to refrain from
attempting to use this litigation to obtain information and assert arguments which
are not relevant to the claims raised by the Plaintiff.

The Court could award the Defendant its reasonable expenses and
attorney's fees for replying to the unwarranted portions of the Plaintiff's Motion to
Compel under Rule 37(a)(5)(c)(B) and (C).  Given the fact that the Plaintiff is a

pro se litigant, the Court declines to impose monetary sanctions against the Plaintiff at this time.  The Court cautions, however, that any conduct by the Plaintiff abusing the discovery process in the future may lead to monetary sanctions imposed against the Plaintiff.  The Plaintiff is ordered to confine his discovery and pleadings in the future to matters which are relevant to his claims.

The Plaintiff's conduct in seeking clearly irrelevant information will not be rewarded by extending the deadlines in which to file amended pleadings.  The Plaintiff has already amended his complaint.  No further amendment will be permitted and the Motion for Deadline Extension of Amended Pleadings (d/e 33) is denied.

## CONCLUSION

IT IS THEREFORE ORDERED AS FOLLOWS:

1)      Plaintiff's Motion to Compel Production of Documents from the Defendant Superior Pool Products, LLC (d/e 31) is ALLOWED only as to RFPs 58, 60, and 78 concerning job descriptions.  Defendant is to produce the job descriptions requested in Plaintiff's requests numbered 58, 60, and 78, to Plaintiff on or before January 15, 2016.  The remainder of Plaintiff's Motion to Compel is DENIED;

2)      Defendant's Motion to Compel (d/e 35) is DENIED;

3)      Plaintiff's Motion for Deadline Extension of Amended Pleadings (d/e 33) is DENIED;

4)      Plaintiff's Motion for Leave to File Response to Defendant's Response to Plaintiff's Opposition to Defendant's Motion to Compel (d/e 41) is DENIED as moot; and,

5)      Plaintiff is ordered to confine his discovery and pleadings in the future to matters which are relevant to his claims.

ENTERED:  January 4, 2016


_____s/ Tom Schanzle-Haskins_____
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE